# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2026

Lyle W. Cayce
Clerk

_____

No. 24-11108

_____

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Brian Williams; Julian Chavez; Scott Say; Rickie
Redman; Gary Maddox; City of Littlefield; Ross
Hester; Wayne Schmoker; John Doe, *City of Littlefield Police
Officer*; Lamb County,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CV-183

_____

Before Willett, Engelhardt, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Lonnie Kade Welsh, proceeding pro se and in forma pauperis (IFP) in the district court, is civilly committed as a sexually violent predator. He has also filed more than twenty federal civil actions challenging various aspects of his confinement. This appeal is the latest. It arises from a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11108

September 2020 scuffle with security guards at the Texas Civil Commitment Center (TCCC) and Welsh's ensuing arrest and prosecution. Welsh sued ten Defendants under federal and state law. The district court dismissed all of Welsh's claims—most with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and the rest without prejudice.

Courts across the country and at every level have rejected Welsh's abusive litigation. The United States Supreme Court has found that Welsh "has repeatedly abused this Court's process." *Welsh v. Collier*, 143 S. Ct. 1046 (2023) (Mem.). The Northern District of Texas has designated him "a vexatious litigant." *Welsh v. Lamb Cnty.*, No. 5:20-cv-24, 2024 WL 4203355, at *22–23 (N.D. Tex. Sept. 16, 2024). And a Texas court of appeals has prohibited him from filing pro se litigation without first obtaining permission from the local administrative judge. *In re Welsh*, No. 9-23-27-cv, 2023 WL 2175768, at *1 (Tex. App.—Beaumont Feb. 23, 2023, no pet.).

Our court has likewise taken notice of Welsh's "multitude" of filings, many of which raise similar claims and name many of the same defendants. *See Welsh v. Lamb Cnty.*, No. 22-10311, 2024 WL 81580, at *2 (5th Cir. Jan. 8, 2024) ("The multitude of Welsh's filings and parallel issues raised make remand appropriate to consider whether Welsh's current claims are barred by res judicata and the successive claim doctrine."); *Welsh v. Hester*, No. 24-10540, 2025 WL 1410009, at *2 (5th Cir. May 15, 2025) (raising duplicative claims). And we have sanctioned Welsh at least three times for "fil[ing] frivolous or repetitive pleadings." *See Welsh v. Jennings*, No. 25-10605, 2025 WL 3485820, at *2 (5th Cir. Dec. 4, 2025); *Welsh v. Thorne*, No. 23-11109, 2024 WL 1956145, at *2 (5th Cir. May 3, 2024); *Welsh v. McLane*, No. 23-50912, 2024 WL 1008593, at *1 (5th Cir. Mar. 8, 2024); *Welsh v. Lamb Cnty.*, No. 5:20-cv-77, 2024 WL 2742696, at *11–16 (N.D. Tex. Apr. 30, 2024), *report & recommendation adopted*, 2024 WL 2734984 (May 28, 2024), *aff'd in part & rev'd in part*, *Hester*, 2025 WL 1410009, at *12 (dismissing similar

claims on res judicata grounds). Most recently, in December 2025, we again imposed a $100 sanction and warned that any future "frivolous or repetitive pleadings" would bring additional sanctions. *See Jennings*, 2025 WL 3485820, at *1–2.

Welsh paid the latest $100 sanction but did not heed our accompanying directive to review his pending matters and dismiss any that were frivolous, repetitive, or otherwise abusive. Having reviewed the record, the governing law, and Welsh's appellate brief, we conclude that oral argument is unnecessary. Welsh identifies no reversible error and no nonfrivolous issue. Substantially for the reasons stated in the magistrate judge's report and recommendation and the district court's order adopting it, we AFFIRM dismissal of Welsh's complaint.

Repeated warnings and sanctions have not deterred Welsh. We therefore ORDER him to pay a $500 sanction to the Clerk of this Court. We BAR him from filing any pleading in this court, or in any court subject to this court's jurisdiction, until he pays the sanction in full, unless he first obtains leave of the court in which he seeks to file. We WARN him that any future frivolous or repetitive filing in this court, or in any court subject to this court's jurisdiction, will subject him to still further sanctions. And we again DIRECT him to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.